RILEY, Judge,
concurring in part and dissenting in part.
While I agree with the majority’s conclusion regarding the extent of the designated evidence available for our review, I respectfully dissent from its conclusion that a genuine issue of material fact remains as to Handy’s status on the premises and PC’s corresponding duty of care. Although the majority could “affirmatively conclude that Handy was not a trespasser,” based on “the limited record,” it could not determine “as a matter of law whether Handy had an implied invitation to enter onto the premises, or merely permission to do so.” Op. pp. 609, 610.
Finding that the question of Handy’s status is a matter of law, my analysis of the designated evidence is in line with the trial court’s conclusion that Handy is “a trespasser,” or at best, a licensee. See Appellant’s App. p. 10; Morningstar v. Maynard, 798 N.E.2d 920, 922 (Ind.Ct.App.2003). “Even if considering a stricter standard, [PC] has not presented a genuine issue that the countertops were a la-, tent danger, and further nothing to indicate that [PC] could have realized the countertops presented an unreasonable danger that [Handy] would have discovered.” Appellant’s App. p. 10. I would affirm the trial court’s summary judgment in every respect.